502 P.2d 121

**Roy Erwin PRICE, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

No. 12882.

Supreme Court of Utah.

Oct. 16, 1972.

Bruce C. Lubeck, of Salt Lake Legal Defender Ass'n, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., David S. Young and William T. Evans, Asst. Attys. Gen., Salt Lake City, for respondent.

CROCKETT, Justice.

Roy Erwin Price, who is serving a term in the Utah State Prison, for issuing bad checks, sought release in habeas corpus proceedings in the District Court of Salt Lake County. After a hearing, the court found against him and denied his petition. He appeals.

The contention of the petitioner is that the record does not affirmatively show that when he entered his plea of guilty on October 29, 1969, in the District Court in Provo, that it was knowingly and intelligently entered, nor that he was made aware of his constitutional rights; against self-incrimination, to be confronted by his accusers, and to a jury trial.

Plaintiff was arraigned on the charge for which he is now serving time on October 22, 1969, in the District Court in Provo. He was represented by counsel with whom he was given an additional week to confer before entering his plea. It appears that the petitioner had previously been involved as a defendant in numerous other criminal proceedings, and that he had been convicted and served time on two other bad check

charges; and that because of the possibility of a habitual criminal charge, that upon conferring with his counsel, he entered a plea of guilty, and the habitual criminal charge was not pressed.

After one has been convicted of crime the presumption of innocence and other protections afforded an accused no longer obtain. The presumptions then are in favor of the propriety of the proceedings and the judgment; and the burden of showing to the contrary is upon the plaintiff.[1] Our view is that in order to insure fair treatment of persons accused of crime it is necessary and proper to scrutinize more carefully the record of proceedings where the accused does not have an attorney than where he has a competent lawyer to advise with and represent him as this petitioner did. Inasmuch as the plaintiff had this advantage, and conferred with his attorney concerning his rights and the advisability of the proper course of action, it seems safe enough to assume, and the fact-trier could reasonably infer, that the plaintiff was aware of his rights under the

law.[2] This is especially so in the instant case where it is shown that the defendant had previously been involved and convicted on other charges. Petitioner seems to ignore the fact that it is the prerogative of the trial judge to find the facts and that he is not obliged to believe the petitioner's self-serving assertions.[3]

On the basis of the record, it appears that there is adequate justification therein for the findings of the district court which include: that the petitioner knew the nature of the charge against him, his legal rights in regard thereto, and the consequences of entering his plea of guilty. These findings amply support the trial court's conclusion that petitioner's conviction of the crime charged and his confinement in prison was not unlawful.

We find without merit plaintiff's contention that error was committed by admitting in evidence his criminal record on the ground that it was hearsay. In this proceeding, which is civil in nature,[4] such records kept in the regular course of their prescribed duties by an agency of govern-

1. See Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Larrabee v. Turner, 25 Utah 2d 248, 480 P.2d 134 (1971).

2. We say this in awareness of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), relied on by petitioner; and see also Johnson v. Turner, 24 Utah 2d 439, 473 P.2d 901 (1970).

3. See Nichol v. Wall, 122 Utah 589, 253 P.2d 355; Heidtman v. Nevada Indust. Comm., 78 Nev. 25, 368 P.2d 763; and see 8 A.L.R. 814 and authorities there cited.

4. See 25 Am.Jur. Habeas Corpus, Sec. 12; also see Maxwell v. Turner, 20 Utah 2d 163, 435 P.2d 287.

ment are competent evidence,[5] and it was relevant to the issue raised by the plaintiff as to his lack of knowledge of his rights in criminal proceedings.

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

---

5.  Such a record, kept pursuant to Secs. 77–59–5 and 27, is admissible under Secs. 77–59–26 and 78–25–3, U.C.A.1953. Cf. also Rule 63(16), Rules of Evidence, Utah.