**David Michael JONES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 48S04–0212–PC–629.

Supreme Court of Indiana.

June 3, 2003.

David M. Jones, Michigan City, pro se.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

In 1997, David Michael Jones was found guilty of three misdemeanors after a bench trial in the Anderson City Court. He later filed a petition for post-conviction relief. In light of the difficulty of litigating a post-conviction claim in courts that are not courts of record and the fact that people found guilty in city court are entitled to a trial de novo simply for the asking, we conclude that post-conviction relief is not available.

### Facts & Procedural History

The Anderson Police arrived at the apparent site of a two-vehicle collision on April 17, 1997. Jones said to the responding officer that one Stoney Dobbs had chased him down an alley to the intersection of 20th and Morton Streets and rammed his pickup truck into Jones' car. Dobbs' version was that there had been two collisions. He said Jones rammed him in the parking lot of a diner at 1515 Pendleton Avenue, Dobbs chased after him for a few blocks, and Jones rammed him again at 20th and Morton.

The investigating officer recorded the encounter as having occurred at Pendleton. Jones complained strongly during a later visit to the police station, demanding that the report be changed to show that the accident had occurred at 20th and Morton.

The State eventually charged Jones with false informing, a class A misdemeanor under Ind.Code § 35–44–2–2(c), alleging that he gave false information to an officer concerning his involvement in a property damage accident.

While Jones was out on bail concerning this charge, he and Dobbs' former wife Brandy chased after Dobbs' car one day. Brandy threw something at Dobbs' car and said she would "see the kids dead before you get 'em'." (Tr. at 44.) Jones pulled out his gun, pointing it in the air, and said, "I'm just gonna kill ya," and then drove off. *Id.*

This event led to additional class A misdemeanor charges of intimidation, Ind. Code Ann. § 35–45–2–1 (West 1998), and possession of marijuana, Ind.Code Ann. § 35–48–4–11 (West 1998). The latter resulted from marijuana found on Jones when he was arrested on the intimidation charge. This time, Jones remained in jail pending trial.

After a bench trial, the court found Jones guilty on all three counts and imposed consecutive sentences of one year on each.

Jones did not file the request for trial de novo that was available to him. In 1998, he sought permission for a belated appeal; it was denied and the denial was not appealed. His 1999 petition for post-conviction relief was denied, and he did not appeal that denial either. As a result of Jones' request to the Court of Appeals for permission to file a successive petition, the trial court entered a second denial, which is the subject of this appeal. The Court of Appeals adjudicated Jones' various claims without addressing the applicability of post-conviction procedures to city and town courts. *Jones v. State,* 777 N.E.2d 1 (Ind.Ct.App.2002). We granted transfer.

■ The State argues that post-conviction remedies do not lie in city court because of the special opportunity possessed by criminal defendants for trial de novo. Persons found guilty in city courts enjoy the most congenial form of appeal known to our system. Upon the filing of a request with the county clerk within fif-

teen days of being sentenced in city court, they are entitled to a trial de novo in the circuit or superior court. Ind. Trial de Novo Rule 3(B)(1). The same is true of certain judgments issued by town courts.

■ The State is certainly correct that Indiana practice affords those convicted in city court a remarkably easy appeal: file a request and the conviction evaporates until the prosecution proves its case yet again in a different court. The Attorney General asserts generally that the liberality of this practice makes post-conviction relief unnecessary.

Still, Indiana has maintained a long tradition of post-conviction relief, including a right to counsel still not afforded by many other states. *See White v. State,* 497 N.E.2d 893, 895–96 (Ind.1986) (describing history of collateral review from 1882 onward); Ind.Code Ann. §§ 33–1–7–1 to 33–1–7–2(a) (West 1996) (providing post-conviction counsel at public expense commencing in 1945 under Acts 1945, Ch. 38, § 1).

■ A post-conviction request is by its nature directed to the court in which the conviction was entered. Other than that, examination of the central rule on post-conviction relief reveals no apparent limitation on forum: "A proceeding under this Rule is commenced by filing three (3) copies of a verified petition with the clerk of the court in which the conviction took place." P–C.R. 1, § 2.

While the rule itself seems generally applicable, we conclude that it was written with the courts of record in mind. In those courts, the transcript of the trial makes it feasible to assess the sort of claims that are commonly the topic of post-conviction proceedings. For a claim of newly-discovered evidence, to take an example, the trial record enables the post-conviction court to determine whether the

evidence is actually new and whether its existence casts doubt on the reliability of the former proceeding. Similarly, when a post-conviction petitioner claims ineffective assistance of counsel, the trial record is available to test the adequacy of counsel's performance.

Such assessments would often be impossible when the judgment in question is not from a court of record. In the absence of a transcript, a post-conviction judge would have available, at best, the memories of the participants in a misdemeanor trial that occurred years in the past. Such evidence would rarely be useful; the chances that a post-conviction judgment on such matters would be any more reliable than the original trial are slim. While the ably-run Anderson City Court has produced a transcript of Jones' trial, the resolution of the legal issue posed here cannot turn on whether transcripts exist in some places and not in others.

We conclude that the liberality of Indiana's approach to trial de novo is more likely to produce just outcomes than application of Post–Conviction Rule 1 would provide in this setting, and thus hold that post-conviction petitions may not be filed in city and town courts. Of course, a person who invokes the right to trial de novo and is nonetheless convicted is entitled to pursue post-conviction relief in respect of that conviction.

### Conclusion

We remand to the City Court with direction to dismiss.

DICKSON, SULLIVAN, BOEHM and RUCKER, JJ., concur.