2005 UT 79

**Benjamin Frank LUCERO, Petitioner,**

v.

**Sheriff Aaron KENNARD, Chief Paul Cunningham, Salt Lake County Jail, Murray City Justice Court, Respondents.**

No. 20040339.

Supreme Court of Utah.

Nov. 15, 2005.

918

920

Scott Daniels, Salt Lake City, for Murray City Justice Court.

Karl L. Hendrickson, Deputy Dist. Att'y, Salt Lake City, for Sheriff Aaron Kennard, Chief Paul Cunningham, and the Salt Lake County Jail.

DURRANT, Justice:

## INTRODUCTION

¶ 1 In this case, we are asked to consider whether the Post–Conviction Remedies Act ("PCRA") allows collateral attacks on a justice court conviction when the defendant has failed to seek a trial de novo. The court of appeals concluded that the failure to seek a trial de novo bars a justice court defendant from obtaining post-conviction relief. We granted certiorari to review the court of appeals' opinion. We now affirm.

## BACKGROUND

¶ 2 Petitioner Benjamin Frank Lucero was charged in the Murray City Municipal Justice Court with driving under the influence of alcohol, Utah Code Ann. § 41–6–44 (Supp. 2004), and improper usage of lanes, *id.* § 41–6–61 (1998). Although the pre-trial conference was continued twice so that Lucero could retain private counsel, Lucero ultimately represented himself throughout the proceedings at the justice court. At the justice court hearing, Lucero pleaded guilty to driving under the influence, and the court dismissed the charge of improper lane usage. The justice court subsequently fined Lucero $1,850 and sentenced him to 180 days in jail and eighteen months' probation. After sentencing, the court found Lucero to be impecunious.[1]

¶ 3 Lucero subsequently filed a "Petition for Post–Conviction Relief or, in the alternative, a Motion to Correct Illegally Imposed Sentence" in both the Murray Justice Court

Joan C. Watt, Heather Brereton, Salt Lake City, for petitioner.

1. Although the docket is sparse, it appears that this finding was made when determining whether Lucero was capable of paying for an outpatient treatment program or the installation of an interlock ignition.

and the Third District Court.[2] In his petition, Lucero argued that his sentence was imposed in violation of his Sixth Amendment right to counsel. The district court, acting in an appellate capacity, held a hearing to address Lucero's claims and, after considering proffered testimony from the justice court judge, affidavits from the justice court clerks, and testimony from Lucero, concluded that no Sixth Amendment violation had occurred. Accordingly, the district court dismissed Lucero's petition. Lucero filed a timely appeal with the court of appeals to review the district court's order.

¶ 4 In reviewing the district court's decision, the court of appeals did not examine whether Lucero had effectively waived his right to counsel at the justice court proceeding, but instead affirmed the district court on the ground that Lucero was ineligible for post-conviction relief because he failed to seek a trial de novo in the district court before seeking post-conviction relief. *Lucero v. Kennard*, 2004 UT App 94, ¶ 13, 89 P.3d 175. The court of appeals reasoned that any violation of Lucero's constitutional right to counsel could have been remedied by a trial de novo and, by failing to pursue that remedy, Lucero was both procedurally barred from receiving post-conviction relief and ineligible for the "unusual circumstances" exception to the procedural bar rules. *Id.* ¶ 12.

We have jurisdiction pursuant to Utah Code section 78–2–2(3)(a) (2002).

## STANDARD OF REVIEW

■ ¶ 5 On certiorari, we review the court of appeals' decision for correctness, giving its conclusions of law no deference. *State v. Geukgeuzian*, 2004 UT 16, ¶ 7, 86 P.3d 742.

## ANALYSIS

¶ 6 The issue in this case is whether Lucero is eligible for post-conviction relief. To address this issue we must determine (1) whether the PCRA applies to justice court defendants and, if so, (2) whether Lucero is entitled to post-conviction relief despite his failure to seek a trial de novo to appeal his justice court sentence. We conclude that the PCRA applies to justice court defendants, but that Lucero is not entitled to post-conviction relief because he failed to seek a trial de novo.

■ ¶ 7 By filing a post-conviction petition, a defendant seeks to collaterally attack a conviction or sentence. *Rudolph v. Galetka*, 2002 UT 7, ¶ 5, 43 P.3d 467. In 1996, the legislature enacted the PCRA to "establish[ ] a substantive legal remedy for any person who challenges a conviction or sentence for a criminal offense," [3] Utah Code Ann. § 78–35a–102 (1) (2002), has a valid ground for relief,[4] *id.* § 78–35a–104, and is not procedur-

---

**2.** The justice court, in its docket, lists four different filing dates for petitions for post-conviction relief. The first petition for post-conviction relief was filed with the Murray Justice Court on July 3, 2002, within thirty days of the date the justice court judgment was rendered. The record does not indicate that a petition was filed with the Third District Court until nearly a month later, on August 1, 2002.

**3.** The PCRA does not apply to

 (a) habeas corpus petitions that do not challenge a conviction or sentence for a criminal offense;

 (b) motions to correct a sentence pursuant to Rule 22(e), Utah Rules of Criminal Procedure; or

 (c) actions taken by the Board of Pardons and Parole.

Utah Code Ann. § 78–35a–102(2) (2002).

**4.** The PCRA establishes five grounds for post-conviction relief:

 (a) the conviction was obtained or the sentence was imposed in violation of the United States Constitution or Utah Constitution;

 (b) the conviction was obtained under a statute that is in violation of the United States Constitution or Utah Constitution, or the conduct for which the petitioner was prosecuted is constitutionally protected;

 (c) the sentence was imposed in an unlawful manner, or probation was revoked in an unlawful manner;

 (d) the petitioner had ineffective assistance of counsel in violation of the United States Constitution or Utah Constitution; or

 (e) newly discovered material evidence exists that requires the court to vacate the conviction or sentence....

Utah Code Ann. § 78–35a–104(1).

 Lucero attacks his sentence under section 78–35a–104(1)(a), arguing that his sentence was imposed in violation of his Sixth Amendment right to counsel. The court of appeals did not assess whether the trial court correctly found that Lucero had effectively waived his right to counsel and

ally barred from bringing a claim for relief, *id.* § 78–35a–106.

¶ 8 The State argues that Lucero is precluded from receiving post-conviction relief for two reasons: (1) the PCRA does not apply to justice court defendants and, even if it does, (2) Lucero is procedurally barred from receiving post-conviction relief due to his failure to seek de novo review in the district court. Lucero responds that the PCRA does not limit post-conviction relief to district court defendants and, because he could not argue at a trial de novo that the justice court had violated his right to counsel, his failure to pursue a trial de novo does not procedurally bar him from seeking post-conviction relief. We will address each of the arguments in the order presented.

## I. THE PCRA APPLIES TO JUSTICE COURT DECISIONS

■ ¶ 9 We first address the State's contention that justice court defendants are not eligible to receive post-conviction relief under the PCRA. We conclude that the PCRA does not preclude justice court defendants from receiving post-conviction relief.

¶ 10 Justice courts are distinct from traditional district courts in a number of respects. For example, justice courts are created by municipalities or counties, Utah Code Ann. § 78–5–101.5 (2002); have jurisdiction over only certain small claims cases, class B and C misdemeanors, and other minor offenses, *id.* § 78–5–104; and do not maintain a record of the proceedings before them, *id.* § 78–5–101.

■ ¶ 11 Because justice courts do not maintain a record of their proceedings, "the appeals process from a justice court decision is unique." *Bernat v. Allphin,* 2005 UT 1, ¶ 8, 106 P.3d 707. To appeal a sentence or conviction, a justice court defendant must undergo a trial de novo in the district court, instead of having an appellate court examine

the record of the proceedings below to review the lower courts' decision. *See id.;* Utah Code Ann. § 78–5–120(1); *cf. Dean v. Henriod,* 1999 UT App 50, ¶ 9 n. 1, 975 P.2d 946 ("In the traditional appeal, a court . . . reviews the trial court's record and either affirms or reverses the judgment entered therein."). This trial de novo to appeal from a justice court decision is similar to other trials de novo in the sense that the defendant has the opportunity to "relitigate the facts as to his guilt or innocence" as if the case had originated there. *Bernat,* 2005 UT 1, ¶ 31, 106 P.3d 707. But such a trial de novo is not a trial de novo "in the strictest sense" because the district court cannot impose a greater sentence than that imposed at the justice court proceeding. *Id.* ¶ 31 n. 12.

¶ 12 In this case, rather than seek a trial de novo to appeal his justice court sentence, Lucero filed a petition for post-conviction relief. The PCRA entitles "*any person* who challenges a conviction or sentence for a criminal offense" to post-conviction relief, provided that person meets certain requirements. Utah Code Ann. § 78–35a–102 (emphasis added). Despite this broad language, which does not appear to limit post-conviction relief to criminal cases filed in district courts, the State claims that the relief provided by the PCRA does not apply to justice court defendants for two reasons. First, it argues that the language of the PCRA and the procedural provisions governing the act's operation contain requirements that cannot be fulfilled by justice court defendants. Second, the State argues that, without a record to review, it is so difficult for a district court to determine what occurred at the justice court proceeding below that review of a post-conviction petition in such situations is impracticable. We will analyze each argument in turn.

■ ¶ 13 Before addressing the State's arguments, however, it should first be noted

---

was therefore not entitled to post-conviction relief. The court of appeals instead held that Lucero was procedurally barred from receiving post-conviction relief because he had failed to file for a trial de novo in the district court. *Lucero v. Kennard,* 2004 UT App 94, ¶ 13, 89 P.3d 175. Thus, for the purposes of this proceeding, we will assume that if the deprivation of counsel claim

contained in Lucero's petition is true, he would have grounds for post-conviction relief. *See Webster v. Jones,* 587 P.2d 528, 530 (Utah 1978) (proceeding "upon the assumption that if [the defendant's] claims as to the violation of his basic constitutional rights were true they might bring him within purview of habeas corpus").

that the PCRA cannot limit this court's authority to review justice court defendants' petitions for post-conviction relief. *See Gardner v. Galetka,* 2004 UT 42, ¶ 17, 94 P.3d 263. Under the Utah Constitution, "the power to review post-conviction petitions 'quintessentially ... belongs to the judicial branch of government.' " *Id.* (quoting *Hurst v. Cook,* 777 P.2d 1029, 1033 (Utah 1989)); *see also* Utah Const. art. VIII, § 3 ("The Supreme Court shall have original jurisdiction to issue all extraordinary writs...."). Thus, "the legislature may not impose restrictions which limit [post-conviction relief] as a judicial rule of procedure, except as provided in the constitution." *Gardner,* 2004 UT 42, ¶ 17, 94 P.3d 263 (internal quotation omitted). To the extent the PCRA "purports to erect an absolute bar to this court's consideration of ... post-conviction petitions, it suffers from constitutional infirmities." *Id.* Accordingly, the enactment of the PCRA did not, and could not, limit this court's right to grant post-conviction relief to justice court defendants. Having clarified this point, we now turn to the State's arguments concerning the PCRA's applicability to justice court proceedings.

### A. The Requirements of the PCRA May Be Fulfilled by Justice Court Defendants.

¶ 14 The State claims that justice court defendants cannot fulfill the requirements contained within the PCRA and its procedural provision, Utah Rule of Civil Procedure 65C,[5] and that the defendants are therefore ineligible for post-conviction relief. Specifically, the State argues that a justice court defendant cannot fulfill the PCRA's requirements that (1) a petition for post-conviction relief be filed "in the district court of original

jurisdiction," Utah Code Ann. § 78-35a-104(1); (2) a defendant directly appeal or otherwise have an on-the-record review of their conviction or sentence before seeking post-conviction relief, *id.* § 78-35a-102; and (3) a clerk assign and deliver a petition for post-conviction relief to the judge who sentenced the petitioner, Utah R. Civ. P. 65C(f). We are not persuaded.

¶ 15 First, the State argues that a justice court defendant cannot file a petition in the district court with original jurisdiction because district courts do not have original jurisdiction over justice court cases. This assertion is incorrect because the scope of a district court's *original jurisdiction* is defined more broadly than the scope of its *subject matter jurisdiction. See* Utah Code Ann. § 78-3-4(1), (8). Utah Code section 78-3-4, which delineates the scope of a district court's jurisdiction, differentiates between a district court's original and subject matter jurisdiction. *Id.* The statute states that the district court has *original jurisdiction* over "all matters civil and criminal," not prohibited by the constitution or law, *id.* § 78-3-4(1), but notes that, that "[n]otwithstanding," the district court generally does not have subject matter jurisdiction over justice court cases,[6] *id.* § 78-3-4(8). Therefore, a justice court defendant may file a petition for post-conviction relief in the district court of original jurisdiction by filing it with the district court located in the same district as the justice court.

¶ 16 Second, the State argues that justice court defendants cannot fulfill the PCRA requirements because they cannot directly appeal a conviction or receive an on-the-record review of the proceedings below. The State cites three instances in which the PCRA and rule 65C require a defendant to directly ap-

---

5. Utah Rule of Civil Procedure 65C "govern[s] proceedings in all petitions for post-conviction relief filed under [the PCRA]." Utah R. Civ. P. 65C(a).

6. Notwithstanding [the scope of a district court's original jurisdiction], the district court has subject matter jurisdiction in class B misdemeanors, class C misdemeanors, infractions, and violations of ordinances only if:
 (a) there is no justice court with territorial jurisdiction;

(b) the matter was properly filed in the circuit court prior to July 1, 1996;
(c) the offense occurred within the boundaries of the municipality in which the district courthouse is located and that municipality has not formed a justice court; or
(d) they are included in an indictment or information covering a single criminal episode alleging the commission of a felony or a class A misdemeanor.
Utah Code Ann. § 78-3-4(8)(2002).

peal a conviction or sentence in order to be eligible for post-conviction relief. First, to be entitled to post-conviction relief, the PCRA states that a defendant must have "exhausted all other legal remedies, including a direct appeal." *Id.* § 78–35a–102. Second, rule 65C requires that the petition·for post-conviction relief state "whether the judgment ... has been reviewed on appeal." Utah R. Civ. P. 65C(C)(4). Third, rule 65C requires that the petition for post-conviction relief include a copy of "any opinion issued by an appellate court regarding the direct appeal of the petitioner's case." *Id.* 65C(d)(2).

¶ 17 Nowhere in the PCRA or rule 65C, however, are on-the-record reviews and direct appeals mandated. Instead, the provisions cited by the State merely require that defendants pursue a direct appeal if that remedy is available and that the petition for post-conviction relief include a statement about whether an appeal has occurred and, if it has, a copy of that appeal. Thus, justice court defendants can meet the PCRA requirements by exhausting the available legal remedies and including in their petitions for post-conviction relief a statement that the justice court judgment has not been reviewed on appeal.

¶ 18 Third, the State argues that a clerk cannot assign a petition for post-conviction relief to the judge who sentenced the petitioner because justice court judges do not have jurisdiction over petitions for post-conviction relief. This argument fails because rule 65C allows a clerk to assign the petition "in the normal course" if the judge who sentenced the defendant is unavailable. *Id.* 65C(f).

¶ 19 In short, justice court defendants can fulfill all of the requirements that the PCRA and rule 65C place on defendants seeking post-conviction relief.

### B. A Court May Review Petitions for Post–Conviction Relief Without a Record.

¶ 20 We next address the State's argument that a district court cannot determine whether to grant post-conviction relief to justice court defendants because the ab-sence of a record of the proceedings below renders a review of the petition impracticable. Although a review without the aid of a record may be more difficult than a review in which a record is available, we conclude that a court is capable of determining whether a justice court defendant is entitled to post-conviction relief even without a record of the proceedings below.

¶ 21 The State supports its argument that a record is essential for an appellate court to conduct a meaningful review of the justice court's proceedings by citing to *Jones v. State*, 789 N.E.2d 478 (Ind.2003). In *Jones*, the Indiana Supreme Court noted that Indiana's post-conviction relief statute seemed generally applicable, but held that it was written with courts of record in mind because a transcript of the trial was necessary to assess the types of claims asserted in post-conviction proceedings. *Id.* at 480. The court reasoned that the claims generally raised in petitions for post-conviction relief are dependent on what happened in the proceedings below. *Id.* As an example, the court noted that for an ineffective assistance of counsel claim, a review of the record was necessary to examine the adequacy of counsel's performance. *Id.* at 481. Without a transcript, the court would be forced to rely on "the memories of the participants in a misdemeanor trial that occurred years in the past." *Id.*

¶ 22 *Jones*, however, is inharmonious with our case law. While we have previously recognized the difficulty that an appellate court may have in deciding whether to grant post-conviction relief without a record of the proceedings below, we have also reviewed petitions for post-conviction relief without the aid of a record. *See Webster v. Jones*, 587 P.2d 528, 529 (Utah 1978). In *Webster*, this court reviewed a city court defendant's petition for post-conviction relief based on a denial of the defendant's right to counsel. *Id.* Although there was no record and the court acknowledged that the plaintiff's testimony was "self-serving," the court was able to adequately discern what happened at the proceedings below by looking at the court docket and considering the plaintiff's own testimony. *Id.*

¶ 23 Furthermore, in instances where there is even less evidence of what occurred at the proceeding below than that presented in *Webster*, a court may determine whether a party is entitled to post-conviction relief by deciding who has the burden of proof and whether that burden has been met. The absence of a record does not foreclose post-conviction challenges, but merely makes it more difficult for a party to meet the applicable burden.

¶ 24 In a proceeding where a defendant seeks to collaterally attack a court's judgment, we presume the regularity of the proceedings below. *Price v. Turner*, 28 Utah 2d 328, 502 P.2d 121, 122 (1972) ("After one has been convicted of crime [sic] the presumption of innocence and other protections afforded an accused no longer obtain. The presumptions then are in favor of the propriety of the proceedings ...."); *see also Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ("When collaterally attacked, the judgment of a court carries with it a presumption of regularity."), *overruled on other grounds by Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The petitioner bears the burden of overcoming this presumption by a preponderance of the evidence. *See Moore v. Michigan*, 355 U.S. 155, 161, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); *Johnson*, 304 U.S. at 469, 58 S.Ct. 1019; *see also Price*, 502 P.2d at 122 (placing burden of rebutting presumption of regularity upon the petitioner).

¶ 25 That presumption notwithstanding, the analysis of whether a defendant is entitled to post-conviction relief is more complicated in cases where a defendant raises a deprivation of counsel claim because of the "special status" conferred upon the constitutional right to counsel. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (concluding that failure to appoint counsel claim "warrants special treatment among alleged constitutional violations"); *see Custis v. United States*, 511 U.S. 485, 494–96, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (discussing the "historical basis" for treating collateral attacks based on a denial of the right to counsel differently than other constitutional rights). A court may not presume waiver of the right to counsel unless there is some evidence that the defendant affirmatively acquiesced to the waiver of counsel. *See Carnley v. Cochran*, 369 U.S. 506, 516–17, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) ("[N]o ... burden [to overcome a presumption of regularity] can be imposed upon an accused unless the record—or a hearing, where required—reveals his affirmative acquiescence."); *State v. Hamilton*, 1987 Utah LEXIS 638 at *5 ("Waiver [of the right to counsel] may not be presumed by a silent record."); *see also Arbuckle v. Turner*, 440 F.2d 586, 589 (10th Cir.1971) (holding that waiver of the right to counsel cannot be presumed); *Clark v. Turner*, 283 F.Supp. 909, 913 (D.Utah 1968) (same). If such evidence is presented, the defendant has the burden of proving that the right to counsel was not knowingly, intelligently, and voluntarily waived. *See Iowa v. Tovar*, 541 U.S. 77, 92, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) ("[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel."); *Carnley*, 369 U.S. at 515, 82 S.Ct. 884 ("Presuming waiver [of the right to counsel] from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer."); *see also Dyett v. Turner*, 287 F.Supp. 113, 115–16 (D.Utah 1968) (imposing burden on defendant to show invalidity of waiver of counsel when the record did not indicate that the waiver was involuntary); *McGhee v. Sigler*, 328 F.Supp. 538, 542 (D.Neb.1971) ("[I]f there was acquiescence by the defendant in the trial court's not appointing counsel, the burden then becomes the defendant's....").

¶ 26 In this case Lucero seeks post-conviction relief based on an alleged violation of his right to counsel. Like the court in *Webster*, the district court attempted to discern what occurred in the proceedings below by looking at the court docket and accepting testimony and other evidence. After considering the evidence, the district court determined that Lucero effectively waived his right to counsel

and that he was not entitled to post-conviction relief.

¶ 27 As demonstrated by the proceedings in *Webster* and in the district court below, the task of determining whether to grant post-conviction relief without a record, although difficult, is not impossible. Even though the task of discerning what occurred at the proceedings below is sometimes onerous, it is still a judicial duty, and difficulty is not an argument for shirking that duty.

## II. LUCERO IS NOT ELIGIBLE FOR POST-CONVICTION RELIEF

■ ¶ 28 Having determined that the PCRA applies to justice court defendants, we now turn to the central issue in this case: whether Lucero is eligible for post-conviction relief even though he failed to seek a trial de novo to appeal from the justice court decision. Because Lucero did not exhaust his legal remedies when he failed to seek a trial de novo and does not qualify for the unusual circumstances exception to the procedural bar rules, we conclude that he is not eligible for such relief.

¶ 29 Our common law post-conviction jurisprudence is markedly different than the PCRA. Most notably, under our common law jurisprudence, a defendant is procedurally barred from receiving post-conviction relief in instances where "a contention of error [was] known or should have been known to the petitioner at the time of judgment," and the defendant failed to raise the error and appeal it "through the regular and prescribed procedure." *Carter v. Galetka,* 2001 UT 96, ¶ 14, 44 P.3d 626. In contrast, the PCRA contains two provisions that significantly limit a defendant's right to seek post-conviction relief. First, section 78–35a–106 precludes a petitioner from receiving post-conviction relief if the ground for relief

(a) may still be raised on direct appeal or by a post-trial motion;

(b) was raised or addressed at trial or on appeal;

(c) could have been but was not raised at trial or on appeal [unless due to ineffective assistance of counsel];

(d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or

(e) is barred by the [one-year] limitation period established in Section 78–35a–107.

Utah Code Ann. § 78–35a–106 (2002). Second, to be eligible for post-conviction relief, the defendant must have "exhausted all other legal remedies, including a direct appeal." *Id.* § 78–35a–102.

¶ 30 Also, under our common law post-conviction jurisprudence, in instances where a defendant was procedurally barred from receiving post-conviction relief, a court could nevertheless grant such relief if the court determined that unusual circumstances existed. *Carter,* 2001 UT 96, ¶ 15, 44 P.3d 626; *see also Hurst v. Cook,* 777 P.2d 1029, 1035–36 (Utah 1989). An equivalent exception is noticeably absent from the PCRA.

¶ 31 Despite these apparent differences, the PCRA does not place any additional restrictions on this court's ability to review petitions for post-conviction relief, nor does it limit our ability to apply common law exceptions to the procedural bar rules codified therein. *See supra* ¶ 12; *see also Gardner v. Galetka,* 2004 UT 42, ¶¶ 9, 17–18, 94 P.3d 263 (holding that our common law post-conviction procedural bar jurisprudence survived the enactment of the PCRA).

¶ 32 In this case, the State contends that Lucero is ineligible for post-conviction relief because he failed to pursue a trial de novo. Even though the State concedes that a claim that a constitutional right has been violated in the proceeding below cannot be raised at the trial de novo, it argues that such a proceeding is an available legal remedy for such claims. In this case, we rely on the PCRA's exhaustion of remedies requirement to determine whether Lucero is eligible for post-conviction relief because that requirement is consistent with our common law procedural bar jurisprudence, which requires a defendant to raise a known error and appeal it through regular and prescribed procedures. *Carter,* 2001 UT 96, ¶ 14, 44 P.3d 626. Therefore, to determine whether the court of appeals erred in dismissing Lucero's Petition

for Post–Conviction Relief, we must first ascertain whether Lucero exhausted his legal remedies. Then, if he did not, we must determine whether unusual circumstances exist that excuse his failure to exhaust his legal remedies.

### A. Lucero Failed to Exhaust His Legal Remedies

¶ 33 To determine whether Lucero was eligible for post-conviction relief, we must first ascertain whether he exhausted his legal remedies. Because Lucero failed to pursue a trial de novo, which would have provided a plain, speedy, and adequate remedy to the violation of his Sixth Amendment right to counsel, we conclude that he did not.

¶ 34 Lucero argues that he was not required to seek a de novo trial to be eligible for post-conviction relief because his claim that he was deprived of counsel at the justice court proceeding could not be raised in a de novo trial. The State does not refute this contention, but instead asserts that Lucero is not eligible for post-conviction relief because the deprivation of his right to counsel could have been remedied at such a trial. We agree with the State.

¶ 35 Other jurisdictions that have addressed this issue have adopted two different approaches: (1) allowing justice court defendants to elect between filing for a trial de novo, thereby waiving their constitutional claims, or filing for post-conviction relief, *see Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263, 1264 n. 2 (1986); and (2) allowing a district court to review constitutional due process claims at the trial de novo, *see Hardin v. People,* 121 Colo. 375, 216 P.2d 429, 430 (1950) ("All [complaints, including denial of counsel,] could have been urged on appeal to the county court. . . ."). The State advocates yet another approach-requiring all justice court defendants to undergo a trial de novo before seeking post—conviction relief.

¶ 36 We decline to adopt any of these approaches as each is inharmonious with the nature of and policy behind post-conviction relief. To be eligible for post-conviction relief, defendants have consistently been required to appeal errors through regular and prescribed procedures in order to prevent extraordinary relief from being used as a substitute for normal appellate procedures. *See Carter,* 2001 UT 96, ¶ 14, 44 P.3d 626; *Codianna v. Morris,* 660 P.2d 1101, 1104 (Utah 1983). As an extraordinary remedy, post-conviction relief can only be granted "[w]here no other plain, speedy and adequate remedy is available." Utah R. Civ. P. 65B.

¶ 37 Therefore, we must reject the election-of-remedy approach because it would establish post-conviction relief as an available substitute to normal appellate procedure in direct contravention of the purpose behind extraordinary relief. Furthermore, such an approach may lead to inconsistent remedies for identical constitutional violations depending upon what remedy the justice court defendant elected. We also reject the approach that allows a district court to examine constitutional due process claims at a trial de novo and the approach that requires a defendant to undergo a trial de novo, because these approaches would either expand the scope of a trial de novo or lead to a waste of judicial resources in situations where a trial de novo could not remedy the alleged constitutional violation.

¶ 38 Instead, we adopt a more flexible test. As mentioned above, to be entitled to post-conviction relief, a petitioner must pursue any regular and prescribed method for attacking a conviction or sentence that would provide a plain, speedy, and adequate remedy in the ordinary course of law. The regular and prescribed method for appealing a justice court conviction is to seek a trial de novo in the district court. Utah Code Ann. § 78-5–120 (2002). Thus, the critical inquiry to determine whether a justice court defendant must seek a de novo trial in order to meet the exhaustion requirement and be eligible for post-conviction relief is this: could a trial de novo provide the justice court defendant with a plain, speedy, and adequate remedy for the alleged constitutional violation? In other words, where an appropriate remedy for a constitutional violation would be a new trial, a justice court defendant must undergo a trial de novo to meet the exhaustion requirement. To obtain

post-conviction relief if a justice court defendant has not sought a trial de novo, the defendant must establish that the constitutional violation was the kind that would demand relief beyond a new trial.[7]

¶ 39 In this case, Lucero has alleged that he was deprived of his right to counsel. Both the federal and Utah constitutions guarantee a defendant's right to counsel. U.S. Const. amend. VI; Utah Const. art. I, § 12. "Concomitant with this right is the criminal defendant's guaranteed right to elect to present his own defense." *State v. Hassan*, 2004 UT 99, ¶ 21, 108 P.3d 695.

■ ¶ 40 When a defendant elects to proceed pro se, is convicted, and subsequently attacks the conviction or sentence based on a deprivation of the right to counsel, the court must determine whether the defendant exercised the "right to self-representation voluntarily, knowingly, and intelligently." *Id.* If the court concludes that the waiver was ineffective, the court may remedy the violation of that right in a number of ways. *See generally* Karen L. Ellmore, Annotation, *Relief Available for Violation of Right to Counsel at Sentencing in State Criminal Trial*, 65 A.L.R.4th 183 (1988) (listing forms of relief available when counsel is absent from a sentencing hearing). For example, a court may vacate the sentence and order a new trial, *Billings v. Smith*, 281 Mont. 133, 932 P.2d 1058, 1063 (1997) (vacating sentence and granting new trial to remedy denial of effective assistance of counsel); modify the defendant's sentence with or without a new penalty hearing, *see Gardner v. Holden*, 888 P.2d

608, 611 (Utah 1994) (discussing correctness of trial court's decision to grant defendant a new penalty hearing and appeal to remedy the alleged denial of effective assistance of counsel); *Kuehnert v. Turner*, 28 Utah 2d 150, 499 P.2d 839, 840–41 (1972) (remanding for resentencing hearing to remedy absence of counsel at sentencing); preserve the original sentence if the court finds that the defendant was not prejudiced by the absence of counsel, *see State v. Neal*, 1 Utah 2d 122, 262 P.2d 756, 758–59 (1953) (preserving original sentence because sentencing was merely a ministerial act and counsel could not have assisted defendant at sentencing); or, in "comparatively few" cases, set aside the sentence and release the defendant from confinement, Ellmore, *supra* ¶ 39, at 192; *Shayesteh v. S. Salt Lake*, 217 F.3d 1281, 1284 (10th Cir.2000) ("By denying the defendant counsel, the court effectively waives its right to sentence him to prison." (internal quotation omitted)).

■ ¶ 41 Although a trial de novo may not be the justice court defendant's preferred alternative, it provides an adequate remedy for a deprivation of counsel claim because the district court can appoint counsel at the "critical guilt adjudication stage." *See Alabama v. Shelton*, 535 U.S. 654, 668 n. 5, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002). In fact, the de novo trial is a more favorable form of appeal than that offered to redress constitutional violations committed at the district court level. *Bernat v. Allphin*, 2005 UT 1, ¶ 41, 106 P.3d 707 ("[A] justice court defen-

---

7. A trial de novo may not be an adequate remedy for certain constitutional violations such as failure to grant a speedy trial or when exculpatory evidence has been lost or destroyed. Also, a court must dismiss a case with prejudice in instances where prosecutorial misconduct is so severe that lesser sanctions could not result in a fair trial. *U.S. v. Lin Lyn Trading, Ltd.*, 149 F.3d 1112, 1118 (10th Cir.1998); *see State v. Eder*, 103 N.M. 211, 704 P.2d 465, 467–69 (Ct.App.1985) (discussing cases where dismissal with prejudice is required to remedy prosecutorial misconduct). For example, prosecutorial misconduct that is severe enough to prevent a trial de novo from providing an adequate remedy for an alleged constitutional violation includes the following: when the prosecutor has prevented a defendant from collecting evanescent, exculpatory evidence, *McNutt v. Arizona*, 133 Ariz. 7, 648 P.2d

122, 125 (1982) ("Dismissal of the case with prejudice is the appropriate remedy because the state's action foreclosed a fair trial by preventing petitioner from collecting exculpatory evidence no longer available."); when there is a failure to prosecute, Utah Rules of Crim. P. 25(b)(1); when the state refuses to identify an informant, *Harris v. Superior Court*, 35 Cal.App.3d 24, 26–27, 110 Cal.Rptr. 400 (Cal.Ct.App.1973) ("If the original trial without [the identity of a material witness] was unfair, a retrial sans same would be nothing but a replay of a constitutionally defective record."); when an informant or other inappropriate party was present during privileged conversations, *U.S. v. Levy*, 577 F.2d 200, 210 (3d Cir. 1978); or when the prosecutor has breached a bargain not to prosecute, *see U.S. v. Pascal*, 496 F.Supp. 313, 319 (N.D.Ill.1979).

dant is ... treated more favorably than a similarly situated district court defendant."); *see also Jones v. State,* 789 N.E.2d 478, 480 (Ind.2003) (noting that a trial de novo is "the most congenial form of appeal"). Before an appellate court may order a new trial in an appeal from a district court, the court must conduct an evidentiary hearing to determine whether there was prejudicial error in the proceedings below. *See Bernat,* 2005 UT 1, ¶ 18, 106 P.3d 707; *Utah v. Arguelles,* 921 P.2d 439, 441 (Utah 1996) (requiring defendant to show that counsel's deficient performance prejudiced the defendant); *Jones,* 789 N.E.2d at 480. In the justice court context, however, a justice court defendant has a "second opportunity to relitigate the facts relating to his or her guilt or innocence" as a matter of right. *Bernat,* 2005 UT 1, ¶ 41, 106 P.3d 707. Accordingly, we conclude that Lucero did not exhaust his legal remedies because any violation of Lucero's right to counsel could have been adequately remedied by a trial de novo.

### B. Unusual Circumstances Exception

¶ 42 Having determined that Lucero failed to exhaust his legal remedies, we now turn to the issue of whether unusual circumstances exist that excuse this omission. We conclude that Lucero is not eligible for post-conviction relief under the unusual circumstances exception.

 ¶ 43 The unusual circumstances exception provides a defendant who is otherwise ineligible to receive post-conviction relief an opportunity to have a petition for post-conviction relief reviewed. *Carter,* 2001 UT 96, ¶ 15, 44 P.3d 626; *Hurst,* 777 P.2d at 1035. Therefore, once a court determines that a defendant is procedurally barred from seeking post-conviction relief, the court must then ascertain whether the defendant is nevertheless entitled to have an appellate court review the petition because unusual circumstances exist.

¶ 44 Lucero argues that the court of appeals misapplied the unusual circumstances exception by improperly combining the exhaustion of remedies and unusual circumstances analyses. Although we recognize that the unusual circumstances exception re-

quires an analysis independent of the exhaustion of remedies analysis, we conclude that the court of appeals properly determined that unusual circumstances do not exist in this case.

 ¶ 45 To qualify for the unusual circumstances exception to the procedural bar rules, a petitioner must demonstrate that "an obvious injustice or a substantial and prejudicial denial of a constitutional right" has occurred. *Carter,* 2001 UT 96, ¶ 15, 44 P.3d 626; *see also Hurst,* 777 P.2d at 1035. "The unusual circumstances test was intended to assure fundamental fairness and to require reexamination of a conviction on habeas corpus when the nature of the alleged error was such that it would be unconscionable not to reexamine ... and thereby to assure that substantial justice was done." *Holden,* 888 P.2d at 613 (internal quotation omitted).

¶ 46 In this case, Lucero has not demonstrated that unusual circumstances exist that excuse his failure to seek a trial de novo. He filed his petition for post-conviction relief within thirty days of the date that the justice court entered its sentence. At that time, Lucero was still statutorily eligible to file for a trial de novo. Utah Code Ann. § 78–5–120 (2002). The record indicates that Lucero was represented by counsel at the time he decided to pursue post-conviction relief instead of a trial de novo. Given these facts, the circumstances surrounding this case do not rise to the level of an obvious injustice or a substantial and prejudicial denial of a constitutional right.

### CONCLUSION

¶ 47 We conclude that the PCRA does not limit this court's authority to grant post-conviction relief to justice court defendants. We further conclude that Lucero failed to exhaust his legal remedies and that he is not otherwise entitled to a review of his petition for post-conviction relief under the unusual circumstances exception. We therefore affirm.

¶ 48 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH,

and Justice NEHRING concur in Justice DURRANT's opinion.