**2015 UT App 36**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
EILEEN JIMENEZ-WISS,
Defendant and Appellant.

Opinion
No. 20130546-CA
Filed February 20, 2015

Third District Court, Salt Lake Department
The Honorable Katie Bernards-Goodman
No. 121908271

Joan C. Watt and Caleb J. Cunningham, Attorneys
for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Opinion, in which
JUDGES J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN
concurred.

PEARCE, Judge:

¶1 Eileen Jimenez-Wiss appeals her conviction for driving under the influence (DUI). The district court enhanced Jimenez-Wiss's conviction to a third degree felony based on her two prior DUI convictions during the previous decade. Jimenez-Wiss argues that her second DUI conviction was obtained in violation of her right to counsel and that the district court erred when it relied on that conviction to enhance her offense. We conclude that the State did not meet its burden of establishing that Jimenez-Wiss knowingly and intelligently waived her right to counsel before

pleading guilty to her second DUI charge. We therefore vacate Jimenez-Wiss's felony conviction and remand this matter for further proceedings.

BACKGROUND

¶2     In 2003, Jimenez-Wiss pleaded guilty, in justice court, to her first DUI offense, a class B misdemeanor. Counsel represented her at the plea hearing. In 2008, Jimenez-Wiss pleaded guilty, again in justice court, to her second DUI offense, also a class B misdemeanor. She was not represented by counsel at the 2008 plea hearing, and her conviction resulted in a suspended fifty-day jail sentence. Jimenez-Wiss did not pursue a direct appeal in either case.

¶3     In August 2012, Jimenez-Wiss was arrested for a third DUI offense after she sideswiped a moving vehicle. The other driver reported a hit-and-run. Several minutes later, an officer stopped Jimenez-Wiss and administered field sobriety tests, which she failed. A breath test determined that Jimenez-Wiss had a blood alcohol content of .33 grams of alcohol per deciliter of blood. The State charged Jimenez-Wiss with DUI, enhanced to a third degree felony because she had two prior DUI convictions within the previous ten years.[1] *See* Utah Code Ann. § 41-6a-503(2)(b) (LexisNexis 2014).

¶4     Jimenez-Wiss moved to strike the felony enhancement, arguing that her 2008 DUI conviction had been obtained in violation of her right to counsel. In support of the motion, Jimenez-

---

1. The State also charged her with four misdemeanor offenses for failing to report a property-damage accident, driving as an alcohol-restricted driver with a measurable amount of alcohol in her system, failing to stay in one lane, and having an open container of alcohol in her vehicle. These charges were dismissed pursuant to the plea agreement in this case.

Wiss submitted a copy of a document from her 2008 plea hearing: a preprinted form, which she had been given prior to entering her plea, entitled "Request to Call Case" (the Plea Document). Jimenez-Wiss argued that the Plea Document demonstrated that she had not waived her right to have counsel present when she entered her guilty plea.

¶5     The first page of the four-page Plea Document was largely dedicated to establishing (1) whether an attorney represented Jimenez-Wiss; (2) whether she desired to have counsel appointed; and (3) whether she wanted to waive her right to counsel. Jimenez-Wiss wrote her name on the first page and checked a box indicating, "My case is scheduled to be heard today."

¶6     The first page of the form provided Jimenez-Wiss with three options and directed her to "[c]heck one." The first option stated, "I am represented by an attorney" and provided a line to write her attorney's name. The second option indicated, "I believe that I qualify for a court appointed attorney and request that the Court appoint an attorney to represent me" and included instructions to fill out an Affidavit of Indigency. The third option provided, "I do not wish to be represented by an attorney" and instructed, "Sign Waiver of Counsel." Jimenez-Wiss did not check any of the options.

¶7     The next section of the first page was titled "Waiver of Counsel for Today's Hearing." Directly beneath the title was the instruction, "Fill out if you are not and/or do not wish to be represented by a lawyer." The next five paragraphs contained a number of sentences, most of which began, "I understand." These paragraphs included representations that "I understand that I have a right to consult with an attorney during each phase of my criminal case" and "I fully understand that there are risks associated with representing myself and acknowledge that I have been advised of those risks." At the end of the waiver section, which filled the remainder of the Plea Document's first page, there was a line for the defendant's signature. Jimenez-Wiss did not sign.

¶8    The second page of the Plea Document was titled, "Defendant's Waiver of Constitutional Rights." This section identified and described the constitutional rights that the defendant would need to waive to enter a guilty plea. The defendant was asked to acknowledge and waive each right individually by initialing next to each right.

¶9    Among these rights was the right to counsel. Following the description of the right to counsel, the form requested additional information and gave the defendant two options for providing that information:

> A) I waive my right to counsel, I have done so knowingly, intelligently, and voluntarily for the following reasons: [three lines provided to allow the defendant to specify the reasons]
> . . . .
> B) If I have not waived my right to counsel, my attorney is [blank line to identify counsel]. My attorney and I have fully discussed this statement, my rights, and the consequences of my guilty (or no contest) plea(s).

Jimenez-Wiss initialed next to the language explaining her right to counsel, as she did next to each of the other enumerated rights. Jimenez-Wiss did not, however, describe any reason for waiving her right to counsel under subsection A, identify her counsel in subsection B, or make any other indication that she was selecting one option over the other.

¶10    The final two pages of the Plea Document explained the consequences of entering a guilty plea. The defendant could check a box next to her plea and "freely make [a] statement of specific facts comprising elements of each offense" in the space provided. Jimenez-Wiss checked the box indicating a guilty plea but did not provide any facts regarding the elements.

¶11 The final section of the Plea Document was titled "Defendant's Certification of Voluntariness" and required Jimenez-Wiss to state her age and education level. This section also required her to certify, among other things, that she was "entering the plea of [her] own free will and choice" and was not under the influence of drugs or intoxicants that would impair her judgment. Jimenez-Wiss indicated her age and that she had attended school through the "16" grade, with the parenthetical notation "B.S. degree."[2] The certification also stated that the defendant swore "under penalty of perjury that each statement [in the Plea Document] is true." Jimenez-Wiss signed the certification.

¶12 Neither Jimenez-Wiss nor the State presented any evidence other than the Plea Document to support or oppose Jimenez-Wiss's motion to strike the enhancement. The district court entertained oral argument on the motion. Jimenez-Wiss argued that the unsigned waiver of counsel on the first page of the Plea Document indicated that she had not waived her right to have the assistance of counsel at the plea hearing. The State countered that the remainder of the form—and particularly Jimenez-Wiss's initial on the second page acknowledging her right to counsel—adequately demonstrated that her decision to proceed without counsel was knowing and intelligent.

¶13 The district court agreed with Jimenez-Wiss that the missing signature on the first page of the Plea Document constituted some evidence that she did not waive her right to counsel knowingly and intelligently, thereby shifting the burden to the State to prove by a preponderance of the evidence that she had done so. The district court found that the State had shouldered that burden, stating,

> The reasonable inference regarding the defendant's initials on page two of the document is that the defendant was indicating her intent to waive her

---

2. We presume that Jimenez-Wiss was indicating that she had received a Bachelor of Science degree.

right to Counsel. This inference is supported by the statement "I waive my right to:" that is immediately above the list of constitutional rights. This inference is further supported by the statement on page two of the document following the list of rights and initials that "I understand that by entering a guilty plea or no contest, I am giving up these constitutional rights."

The district court also reasoned that Jimenez-Wiss's level of education supported an additional inference that she understood the Plea Document and knew that entering a guilty plea would waive her rights. Finally, the district court concluded that "[t]he defendant's signature on page four of the document indicates an acceptance of the entire document, including the sections indicating a waiver of her right to Counsel on pages one and two of the document."

¶14     In light of these conclusions, the district court used Jimenez-Wiss's 2008 guilty plea as a prior offense to enhance her 2012 DUI offense to a third degree felony. Jimenez-Wiss eventually pleaded guilty to the third degree felony offense, reserving the right to challenge the district court's enhancement ruling on appeal. *See generally State v. Sery*, 758 P.2d 935, 939 (Utah Ct. App. 1988) (recognizing conditional guilty pleas).

ISSUE AND STANDARD OF REVIEW

¶15     Jimenez-Wiss contends that the district court erroneously concluded that she had knowingly and intelligently waived her right to the assistance of counsel at her 2008 plea hearing. Whether a defendant "voluntarily, knowingly, and intelligently" waived the right to counsel is "a mixed question of law and fact." *State v. Pedockie*, 2006 UT 28, ¶ 23, 137 P.3d 716. We review the district court's "factual findings for clear error, and its legal conclusions for correctness." *State v. Vancleave*, 2001 UT App 228, ¶ 5, 29 P.3d 680.

Here, the factual record consists solely of the contents of Jimenez-Wiss's 2008 Plea Document. The district court's determinations based on that document constitute conclusions of law, which we review for correctness. *Cf. State v. Barrett*, 2006 UT App 417, ¶ 4, 147 P.3d 491 (reviewing trial court's *Miranda*-waiver determination for correctness when it was based solely on a transcript); *Hamby v. Jacobson*, 769 P.2d 273, 278 (Utah Ct. App. 1989) ("[W]hen the evidence consists only of proffers to the trial court, the appellate court is in as good a position to review the proffer as was the trial court, as no assessment of witness credibility occurred below." (citation and internal quotation marks omitted)).

ANALYSIS

¶16　The Sixth Amendment to the United States Constitution generally guarantees criminal defendants the right to counsel, which "is essential to protect the fundamental right to a fair trial" and "thus 'plays a crucial role in the adversarial system.'" *State v. Perry*, 899 P.2d 1232, 1239 (Utah Ct. App. 1995) (quoting *Strickland v. Washington*, 466 U.S. 668, 685 (1984)). A prior conviction may not be used to enhance a criminal charge if that conviction was obtained in violation of the defendant's right to counsel. *See State v. Ferguson*, 2007 UT 1, ¶¶ 14–27, 169 P.3d 423 (reviewing United States Supreme Court cases involving the right to counsel). Jimenez-Wiss argues that her 2008 DUI conviction was obtained in violation of her Sixth Amendment rights because she was not represented by counsel at her plea hearing, she did not knowingly and intelligently waive her right to counsel, and her plea resulted in a suspended term of incarceration. *See id.* ¶ 27. For these reasons, she argues that the district court erred when it denied her motion to strike the felony enhancement of her 2012 DUI offense.

¶17　Convictions—even uncounseled convictions, such as Jimenez-Wiss's 2008 DUI conviction—"are entitled to a presumption of regularity." *Id.* ¶ 32. However, because of the critical importance of the right to counsel, the presumption does

not extend to a waiver of the right to counsel absent some evidence that the defendant affirmatively waived that right. *See Lucero v. Kennard*, 2005 UT 79, ¶ 25, 125 P.3d 917. To balance these competing interests, the Utah Supreme Court has adopted a "burden-shifting framework" to evaluate claims that a prior conviction resulted from "deprivation of counsel." *Peterson v. Kennard*, 2008 UT 90, ¶¶ 25–27, 201 P.3d 956; *see also Ferguson*, 2007 UT 1, ¶¶ 30–41; *State v. Triptow*, 770 P.2d 146, 149 (Utah 1989).

¶18    "[T]he State may satisfy its initial burden of establishing the validity of [a prior] conviction by producing a certified copy of the conviction." *Ferguson*, 2007 UT 1, ¶ 34.[3] Once the initial presumption of validity of the prior conviction is established, the burden shifts to the defendant to "present 'some evidence that he . . . was not represented by counsel and did not knowingly waive counsel.'" *Id.* ¶ 40 (quoting *Triptow*, 770 P.2d at 149). To protect the defendant's right to counsel, defendants are required to present only a "minimal amount of rebuttal evidence." *Id.* A defendant's "own testimony that he [or she] did not waive [the] right to counsel is sufficient for this purpose." *Id.* ¶ 41. Once a defendant successfully rebuts the presumption of regularity, "the burden then shifts to the State to demonstrate by a preponderance of the evidence that [the defendant] knowingly waived his [or her] right to counsel." *Id.*

¶19    Here, the district court evaluated Jimenez-Wiss's 2008 conviction under that burden-shifting framework. The district court did not expressly conclude that the State had established that Jimenez-Wiss's 2008 DUI conviction was entitled to the presumption of regularity. However, Jimenez-Wiss submitted a certified copy of that conviction, and the district court implicitly

---

3. However, "unless there is some evidence that the defendant affirmatively acquiesced to the waiver of counsel," a district court may not presume that a defendant intended to proceed without the benefit of counsel. *Lucero v. Kennard*, 2005 UT 79, ¶ 25, 125 P.3d 917.

applied the presumption when it proceeded to consider Jimenez-Wiss's rebuttal evidence. Jimenez-Wiss does not challenge the district court's application of the presumption of regularity to her 2008 conviction.

¶20 The district court then evaluated the only evidence before it—the Plea Document—and concluded that "[t]he missing signature on page one of the document constitutes some evidence that the defendant did not knowingly and intelligently waive her right to Counsel prior to pleading guilty to [DUI] on September 18, 2008." In light of this evidence, the district court concluded that Jimenez-Wiss had successfully rebutted the presumption of regularity and shifted the burden back to the State to prove by a preponderance of the evidence that she had validly waived her right to counsel.[4]

¶21 Finally, the district court concluded that the State had met its burden of establishing that Jimenez-Wiss had knowingly and intelligently waived counsel. The district court relied on Jimenez-Wiss's initials next to the right to counsel on page two of the Plea Document to infer that she knowingly waived that right. The court found further support for its conclusion in the list of other constitutional rights that Jimenez-Wiss acknowledged waiving, Jimenez-Wiss's education level, and her signature at the end of the Plea Document stating that she had read and understood the entire document and was certifying her statements therein as true.

¶22 Because we lack a transcript of the plea hearing, we are deprived of what the Utah Supreme Court has recognized as the

---

4. Jimenez-Wiss did not support her motion to strike the felony enhancement with a personal affidavit describing what occurred at the plea hearing. The only evidence in the record speaking to any decision to proceed without counsel is the Plea Document. The State does not contend that the district court erred by finding that this evidence was sufficient to rebut the presumption of regularity, and we offer no opinion on that topic.

preferred method for assessing whether a waiver of counsel is knowing: an on-the-record colloquy. *See State v. Pedockie,* 2006 UT 28, ¶ 42, 137 P.3d 716. Although a colloquy is not constitutionally required, the supreme court anticipated that "reviewing courts will rarely find a valid waiver of the right to counsel absent a colloquy." *Id.* ¶ 45. In this case, we also lack an affidavit from Jimenez-Wiss, or anyone else present at the plea hearing, describing what occurred. *See, e.g., State v. Ferguson*, 2007 UT 1, ¶¶ 40–41, 169 P.3d 423 (acknowledging that a defendant's own testimony that he did not knowingly waive his right to counsel is sufficient to shift the burden to the State to demonstrate that the waiver was knowing). Thus, we must now divine what happened at the 2008 hearing based upon (1) the fact that Jimenez-Wiss entered a plea without counsel present and (2) the contents of the Plea Document. With little visibility into what actually occurred in 2008, we are left to proceed by inference.

¶23 The district court examined the Plea Document and inferred that Jimenez-Wiss's decision to waive counsel was knowing and intelligent. This was not an unreasonable inference. The document thoroughly explained the right to counsel, and, in a section entitled "Defendant's Waiver of Constitutional Rights," Jimenez-Wiss initialed next to the language describing her right to counsel. That language stated, among other things, "I know that I have the right to be represented by an attorney and that if I cannot afford one, an attorney will be appointed by the court at no cost to me." The district court noted that Jimenez-Wiss had a college degree and therefore should have understood what she had read. The district court also noted that Jimenez-Wiss's signature on the last page of the document evidenced an understanding of the information the document contained.

¶24 However, other aspects of the Plea Document give rise to an inference that Jimenez-Wiss did not waive her right to counsel. The document provided Jimenez-Wiss with three opportunities to specifically affirm that she waived her right to counsel. First, she could have checked the line on the first page next to the sentence,

"I do not wish to be represented by an attorney." Second, she could have signed the "Waiver of Counsel for Today's Hearing" on the first page. Finally, she could have described her reasons for proceeding without counsel (or otherwise indicated that she was electing to waive her right to counsel) in the space provided on page two of the document.[5] Jimenez-Wiss availed herself of none of these opportunities, and these omissions create the competing inference that Jimenez-Wiss avoided declaring that she was waiving her right to counsel because she did not desire to waive that right.

¶25     In *State v. Pedockie*, 2006 UT 28, 137 P.3d 716, the Utah Supreme Court held that, "considering the strong presumption against waiver and the fundamental nature of the right to counsel, any doubts must be resolved in favor of the defendant." *Id.* ¶ 45. Further, it is the State that ultimately bears the burden of demonstrating a defendant's knowing and intelligent waiver of counsel. *Ferguson*, 2007 UT 1, ¶ 41. We agree with Jimenez-Wiss that, read as a whole, the Plea Document is ambiguous as to her intentions with respect to counsel. Her failure to clearly express a waiver of her right to counsel, despite three opportunities to do so, raises doubt about her intentions. Under *Pedockie*, we must resolve that doubt against waiver and conclude that the State failed to meet its burden.

---

5. As explained above, the description of the right to counsel on the second page of the Plea Document contemplated that, in addition to initialing, the defendant would complete either subsection A (and list her reasons for proceeding without counsel) or subsection B (and name her counsel). Jimenez-Wiss did not complete either subsection, nor did she otherwise indicate that she was electing one option over the other. The district court concluded that Jimenez-Wiss's initials alone indicated a desire to waive the right to counsel, but we cannot reach that same conclusion because of the ambiguity inherent in Jimenez-Wiss's failure to properly fill out the form by completing one of the two subsections.

¶26 Because the State failed to meet its burden, the district court erred when it denied Jimenez-Wiss's motion to strike the felony enhancement of her 2012 offense. We therefore vacate Jimenez-Wiss's conviction on that offense and remand this matter for further proceedings.

## CONCLUSION

¶27 Once the district court found that Jimenez-Wiss had produced evidence that she did not knowingly waive her right to counsel prior to her 2008 DUI conviction, the State bore the burden of establishing that she had waived that right. The only evidence before the district court—the Plea Document—does not demonstrate waiver by a preponderance of the evidence. Moreover, the multiple omissions in the Plea Document raise doubts concerning Jimenez-Wiss's intentions—doubts our supreme court has held must be resolved against a finding of waiver. The district court therefore erred in denying Jimenez-Wiss's motion to strike the felony enhancement of her 2012 DUI charge. We vacate Jimenez-Wiss's conviction on the 2012 charge and remand this matter for further proceedings.

———