Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 01 2013, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**DAVID W. STONE, IV**
Stone Law Office & Legal Research
Anderson, Indiana

**MICHAEL C. RUDOLPH**
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BALDEMAR LOPEZ SALDANA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1203-PC-128 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1111-CM-20

April 1, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Baldemar Lopez-Saldana appeals from the trial court's order denying Lopez-Saldana relief from a ruling entered against him in Goshen City Court (City Court). The State cross-appeals raising the following dispositive issue for our review, which we restate as: Should this appeal be dismissed and the matter remanded with directions to dismiss because the trial court lacks jurisdiction over Saldana's claims?

We remand with directions to dismiss.

On August 17, 1993, under cause number 20H02-9308-CM-613 (CM-613) the State charged Lopez-Saldana with one count of class A misdemeanor operating while intoxicated.[1] The probable cause affidavit for CM-613 stated that on August 13, 1993, around 8:33 p.m., Officer John Purlee responded to the scene of a single-car accident in Goshen, Indiana. Officer Purlee found Lopez-Saldana in the driver's seat and a witness to the accident informed him that Lopez-Saldana was driving. Lopez-Saldana suffered a broken arm, and his wife, who was a passenger in the car, suffered a broken pelvis and sacrum. In the course of rendering aid to the two, Officer Purlee detected the odor of an alcoholic beverage on Lopez-Saldana's breath and noticed that his eyes were red and watery. A blood test conducted at Goshen General Hospital revealed that Lopez-Saldana's blood alcohol content was 0.218%.

At his initial hearing on September 23, 1993, Lopez-Saldana was advised of his rights *en masse* by the City Court. The City Court also administered the oath to Lopez-Saldana and asked him if he understood the rights that were explained to him, asked if he understood that

---

[1] Ind. Code Ann. § 9-30-5-2 (West, Westlaw current through 2012 2nd Reg. Sess.).

by entering a plea of guilty that he was giving up those rights, and asked if he was doing so voluntarily. Lopez-Saldana responded in the affirmative to each of these questions before entering his plea of guilty, *pro se*. The State then made a sentencing recommendation. The City Court accepted Lopez-Saldana's guilty plea and the State's sentencing recommendation. Lopez-Saldana did not timely seek a trial *de novo* in the Circuit Court from the ruling of the City Court.

On October 12, 2011, eighteen years later, Lopez-Saldana filed the following in the City Court: 1) A motion to vacate the judgment of conviction for CM-613 pursuant to Ind. T. R. 60(B); and, 2) a verified petition for post-conviction relief. On October 27, 2011, the City Court denied Lopez-Saldana's motion to vacate judgment and informed him that the City Court did not accept his petition for post-conviction relief. Lopez-Saldana did not appeal the decision of the City Court.

On November 7, 2011, Lopez-Saldana filed in Elkhart Circuit Court (Circuit Court) the following: 1) A written request for a trial *de novo* of the charge under CM-613; and, 2) a written request for a trial *de novo* of his effort to obtain post-conviction relief. The State filed its response and Lopez-Saldana filed a reply to the State's response.

On January 19, 2012, the Circuit Court held a hearing on Lopez-Saldana's requests. Lopez-Saldana submitted three exhibits in support of his requests: 1) a certified copy of the court documents filed in CM-613; 2) the transcript of his guilty plea hearing; and, 3) the *en masse* advisement of rights, which occurred prior to the entry of his guilty plea. After each

3

side filed its proposed findings of fact and conclusions thereon, the Circuit Court denied Lopez-Saldana's requests.

In its order, the Circuit Court found that Lopez-Saldana did not pursue a trial *de novo*, which was available to him at the time of his conviction, and that in spite of having a prosecution for operating a vehicle while intoxicated in 2007, Lopez-Saldana did not attempt any relief from the judgment entered in CM-613 prior to 2011. The Circuit Court further noted that the collateral attack on his CM-613 conviction was not initiated until the State, under another cause number, charged Lopez-Saldana with operating while intoxicated as a second offense within five years, and with a habitual substance offender enhancement relying on Lopez-Saldana's conviction under CM-613. Citing our Supreme Court's opinion in *Jones v. State*, 789 N.E.2d 478 (Ind. 2003), and citing the lack of effort on the part of Lopez-Saldana to obtain relief prior to 2011, the Circuit Court held that Lopez-Saldana should be barred from seeking relief at that time. The Circuit Court, citing due process concerns, however, commented on the merits of Lopez-Saldana's claims and denied the relief requested. Lopez-Saldana now appeals.

In *Jones v. State*, our Supreme Court was presented with an appeal from a conviction of three misdemeanor offenses entered in Anderson City Court, which is not a court of record. Although a trial *de novo* was available to him, Jones did not pursue that relief. His request to file a belated appeal was denied and he did not appeal from that denial. His 1999 petition for post-conviction relief was denied and he did not appeal from that denial. Jones sought permission and was granted permission to file a successive petition for post-

4

conviction relief, which was denied. On petition for transfer, our Supreme Court held that post-conviction petitions may not be filed in city and town courts. The matter was remanded to the Anderson City Court with directions to dismiss the petition. Our Supreme Court held that the only means by which a city court conviction could be challenged is by a trial *de novo*, and that post-conviction relief is available then to collaterally attack the trial *de novo* conviction. *Id.*

Applying these holdings to the present appeal, we note that Lopez-Saldana was convicted on September 23, 1993, and was required to request a trial *de novo* within thirty days. His failure to do so forfeited his right to a trial *de novo*, and pursuant to the holding in *Jones* his challenge to the City Court conviction was prohibited. Thus, the City Court correctly denied Lopez-Saldana's post-conviction challenge.

Ind. P.-C. Rule 1(2), provides that a petition for post-conviction relief must be filed "with the clerk of the court in which the conviction took place." Accordingly, the Circuit Court has post-conviction jurisdiction over only its own convictions. Ind. P.-C. Rule 1(2). Because Lopez-Saldana failed to seek a trial *de novo* in the Circuit Court, the Circuit Court lacks jurisdiction over Lopez-Saldana's claims and could not have granted him relief.

Appeal remanded with directions to dismiss.

NAJAM, J., and BRADFORD, J., concur.