2025 UT App 40

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
KADIN WOOLF LIGHTEL,
Appellant.

Opinion
No. 20230140-CA
Filed March 20, 2025

Third District Court, Salt Lake Department
The Honorable Heather Brereton
No. 211906349

Sarah J. Carlquist and Dayna T. Moore,
Attorneys for Appellant

Derek E. Brown and Daniel W. Boyer,
Attorneys for Appellee

JUDGE JOHN D. LUTHY authored this Opinion, in which
JUDGES RYAN M. HARRIS and AMY J. OLIVER concurred.

LUTHY, Judge:

¶1     Kadin Woolf Lightel pled guilty to eighteen counts of
sexual exploitation of a minor based on his possession of child
pornography. The issue in this appeal is whether Lightel is
required to register as a sex offender for his entire lifetime or for
a shorter period. Adult defendants convicted of sexual
exploitation of a minor typically must register for life, but there is
an exception for adult offenders who were under age twenty-one
at the time of their crimes and whose offenses did "not involve

force or coercion." Utah Code § 77-41-105(3)(c)(iii)(A).[1] Based on the nature of some of the images in Lightel's possession, the district court declined to determine that Lightel's offenses did not involve force or coercion and that he was therefore eligible for the exception. Lightel challenges that ruling. We reject his argument and affirm the district court's decision.

BACKGROUND

¶2      The State charged Lightel with eighteen counts of sexual exploitation of a minor.[2] "An actor commits sexual exploitation of a minor when the actor knowingly possesses or intentionally views child sexual abuse material," Utah Code § 76-5b-201(2), which is defined (with some additional statutory nuance) as "any visual depiction" "of a minor engaging in sexually explicit conduct," *id.* § 76-5b-103(1).[3] Lightel was twenty years old at the time of the charged conduct.

---

1. This code section has been amended since Lightel was charged and sentenced, but the amendments made no substantive changes relevant to this appeal. *Compare* Utah Code § 77-41-105 (2020), *and id.* § 77-41-105 (2023), *with id.* § 77-41-105 (2024). We therefore cite the current version throughout this opinion.

2. The State also charged Lightel with two counts of dealing in material harmful to a minor, to which he pled guilty. Those offenses do not trigger sex offender registration. *See* Utah Code § 77-41-102 (defining "offender" to not include a person found guilty of dealing in material harmful to a minor); *id.* § 77-41-105 (requiring only "offender[s]" to register). Thus, they are not relevant to this appeal, and we do not address them further.

3. Sections 76-5b-103 and 76-5b-201 have been amended since Lightel was charged, but those amendments did not make

(continued…)

¶3 Lightel pled guilty to all of the charges. In so doing, he acknowledged that he had read the charging document and understood "the nature and the elements of [the] crimes to which" he was pleading guilty. He specifically admitted that he had "knowingly possessed 18 distinct images of child pornography." Lightel then asked the district court to find "under Utah Code [section] 77-41-105(3)(c)(iii) that the lifetime registry requirement does not apply in this case because [he] was under 21 at the time of the crimes and the offense did not involve force or coercion."

¶4 The Department of Adult Probation and Parole prepared a presentence investigation report. The report described each item of child sexual abuse material Lightel had pled guilty to possessing, making plain that at least some of those items depicted children being forced or coerced into engaging in sexual activity. Through counsel, Lightel confirmed that the presentence report needed no corrections.

¶5 At sentencing, Lightel again asked the court to find that the lifetime sex offender registration requirement did not apply to him. He argued that the offenses he committed "did not involve force or coercion" because "he did not create the content" he pled guilty to possessing and because "[h]e didn't do anything that involved force or coercion." Lightel contended that the statute requires the sentencing court to look at the defendant's actions to determine whether "the offense . . . involve[d] force or coercion." *Id.* § 77-41-105(3)(c)(iii)(A). The State countered that the statute required the court to also evaluate the material Lightel possessed to determine whether the offense involved force or coercion.

¶6 Ultimately, the district court said it would be "hard-pressed" to read the statute as Lightel was arguing because the

substantive changes that are relevant here. *Compare* Utah Code §§ 76-5b-103, -201 (2020), *with id.* §§ 76-5b-103, -201 (2024). We therefore cite the current versions of these provisions as well.

"language of the statute is [that] the offense does not involve force or coercion," not "that the [d]efendant did not use force or coercion." In its sentencing order, the court found only that Lightel was less than twenty-one years old when he committed the offenses, not that the offenses did not involve force or coercion. Therefore, the court implicitly rejected Lightel's request and left him subject to the lifetime sex offender registration requirement.

## ISSUE AND STANDARD OF REVIEW

¶7　Lightel now appeals, challenging the district court's decision declining to find that he qualified for the statutory exception to lifetime sex offender registration because his offenses did not involve force or coercion. Because the court's decision turned on its interpretation of Utah Code section 77-41-105(3)(c)(iii), we review its decision for correctness. *See State v. Salazar-Lopez*, 2024 UT App 61, ¶ 9, 548 P.3d 929 ("The correct interpretation of the applicable statute is . . . a question of law that we review for correctness.").

## ANALYSIS

¶8　Lightel contends that he qualifies for the exemption from lifetime registration as a sex offender because he was under twenty-one years old when he committed the offenses to which he pled guilty and because "the offense[s]" did not "involve force or coercion." Utah Code § 77-41-105(3)(c)(iii)(A). Like the district court, we disagree.

¶9　Utah law establishes a Sex, Kidnap, and Child Abuse Offender Registry that is maintained by the Department of Public Safety. *See generally id* §§ 77-41-102 to -114. Under the relevant statutory provisions, "child abuse offender[s]," "kidnap offender[s]," and "sex offender[s]" are all "offender[s]" who must

comply with the law's registration requirements. *See id.* §§ 77-41-102(13), -105. "Sex offender" is defined to mean, among other things, "an individual . . . convicted in this state of" any of thirty specifically enumerated sex crimes, including "sexual exploitation of a minor." *Id.* § 77-41-102(19)(a).

¶10 The default registration requirement under the statute is that an adult offender must register with the Department of Public Safety "for the duration of [his or her] sentence and for 10 years after termination of sentence." *Id.* § 77-41-105(3)(a). However, an adult offender convicted for the first time of any of twenty crimes listed in section 77-41-106—eighteen of which, including sexual exploitation of a minor, are among the thirty specifically enumerate crimes that qualify a person as a sex offender under section 77-41-102(19)—is required to register for the offender's lifetime. *Id.* § 77-41-105(3)(c)(i). But an exception to this lifetime registration requirement is provided under section 77-41-105(3)(c)(iii). It states,

> If the sentencing court at any time after conviction determines that the offense does not involve force or coercion, lifetime registration under Subsection (3)(c)(i) does not apply to an offender who commits the offense when the offender is under 21 years old.

*Id.* § 77-41-105(3)(c)(iii)(A). If this exception applies, then the offender need only register for the duration of his or her sentence plus ten years. *See id.* § 77-41-105(3)(c)(iii)(B).

¶11 Lightel was convicted as an adult of eighteen counts of sexual exploitation of a minor, one of the crimes for which lifetime registration is generally required for adult offenders. However, because Lightel was under twenty-one years old when he committed those crimes, he is entitled to the exception to lifetime registration if "the offense[s] [did] not involve force or coercion." *Id.* § 77-41-105(3)(c)(iii)(A). Thus, the issue before us is whether the offenses Lightel committed involved force or coercion.

¶12   When we interpret a statute, we first determine whether the language at issue is plain and unambiguous. If it is, we simply apply the language according to its plain meaning. *See Brixen & Christopher Architects, PC v. State*, 2001 UT App 210, ¶ 14, 29 P.3d 650 ("When statutory language is plain and unambiguous, we do not look beyond the language's plain meaning to divine legislative intent." (cleaned up)). If it is not, we may look outside the text to resolve the ambiguity. *See Alliant Techsystems, Inc. v. Salt Lake Board of Equalization*, 2012 UT 4, ¶ 21, 270 P.3d 441 ("Where the language of a statute is ambiguous, we may look beyond the statute's text in order to ascertain its legislative purpose." (cleaned up)).

¶13   When determining whether the meaning of particular statutory language is plain, dictionary definitions may be helpful as a "starting point." *See State v. Bagnes*, 2014 UT 4, ¶ 14, 322 P.3d 719. But because dictionaries usually "catalog[ue] a range of possible meanings that a statutory term may bear," a "dictionary alone is often inadequate to the task of interpretation, as the range of possible meanings it identifies may encompass both parties' positions." *Id.* (cleaned up).

¶14   Another potential limitation on the simple reference to a dictionary definition to determine plain meaning is that "[d]ictionary definitions are acontextual, whereas the meaning of sentences depends critically on context, including all sorts of background understandings." *United States v. Costello*, 666 F.3d 1040, 1044 (7th Cir. 2012). After all, when interpreting statutory language, we do not look at terms and their definitions "in isolation." *See Olsen v. Eagle Mountain City*, 2011 UT 10, ¶ 12, 248 P.3d 465. "Our task, instead, is to determine the meaning of the text given the relevant context of the statute (including, particularly, the structure and language of the statutory scheme)." *Id.*; *see also Orten v. Utah County*, 2024 UT App 132, ¶ 28, 558 P.3d 900 ("When interpreting statutory schemes, Utah courts often apply the whole-text canon, which calls on the judicial interpreter

to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." (cleaned up)). Accordingly, "the fact that the statutory language may be susceptible of multiple meanings does not [necessarily] render it ambiguous; all but one of the meanings is ordinarily eliminated by context." *Olsen*, 2011 UT 10, ¶ 13 (cleaned up). Such is ultimately the case here.

¶15 Lightel suggests that to discern what it means for "the offense" in a given case to "involve force or coercion," Utah Code § 77-41-105(3)(c)(iii)(A), we should look to the dictionary definitions of "involve." He also contends that the definition we should employ is the one that says "involve" means "to have within or as a part of itself." *Involve*, Merriam-Webster, https://www.merriam-webster.com/dictionary/involve [https://perma.cc/E6C6-TX9L]. We agree that this definition fits in this context. When it is used, the exception to lifetime registration applies, quite logically, "[i]f the sentencing court . . . determines that the offense does not [have within or as a part of itself] force or coercion." Utah Code § 77-41-105(3)(c)(iii)(A).

¶16 Lightel next insists that whether the offense in a particular case has force or coercion within or as part of itself turns exclusively on whether the defendant's conduct that satisfies the elements of the crime includes force or coercion. If the defendant's use of force or coercion satisfies an element of the crime, Lightel explains, the offense has force or coercion within or as a part of itself. If the defendant's use of force or coercion does not satisfy one of the elements of the crime, Lightel maintains, the offense does not have force or coercion within or as a part of itself. Lightel's argument in this regard is problematic for two related reasons.

¶17 First, adoption of Lightel's preferred definition of "involve" does not, as Lightel assumes, resolve the equally pertinent question of what the legislature meant by "the offense."

The crime in this case was sexual exploitation of a minor. "An actor commits sexual exploitation of a minor when the actor knowingly possesses or intentionally views child sexual abuse material." *Id.* § 76-5b-201(2). Thus, we agree that "the offense" in a given case of sexual exploitation of a minor has within or as a part of itself the defendant's conduct that satisfied the elements of the crime—namely, the action of knowingly possessing or intentionally viewing child sexual abuse material. However, the crime includes (1) the defendant's knowing or intentional state of mind, (2) the act of possessing or viewing, and (3) the object of that action—an item of child sexual abuse material. Thus, in a very real sense, the object of the defendant's action—the item of child sexual abuse material possessed or viewed—is also within or a part of the offense. Under this reading, if that item "depict[s] . . . a minor" being forced or coerced into "engaging in sexually explicit conduct," *id.* § 76-5b-103(1) (defining child sexual abuse material), then the depicted force or coercion is also within or a part of the offense. This is a reasonable reading of the statute even if proof of such force or coercion is not required to establish that the crime was committed, because the child sexual abuse material that is viewed or possessed is an integral part of the crime. Had the legislature intended to foreclose this reading of the statute, it could have done so by tasking sentencing courts with determining not whether "the offense" involved force or coercion but, rather, whether "the defendant's conduct" involved force or coercion. It did not.

¶18 To this point, we have demonstrated that when we use Lightel's preferred definition of "involve" (which we agree is a good fit), the meaning of the other operative statutory term—"the offense"—is still susceptible of multiple meanings: (1) it could mean solely the defendant's conduct that was necessary to satisfy the elements of the crime or (2) it could also include the item of child sexual abuse material that the defendant possessed or viewed to commit the crime. As already noted, "the fact that the statutory language may be susceptible of multiple meanings does

not [necessarily] render it ambiguous; all but one of the meanings is ordinarily eliminated by context." *Olsen*, 2011 UT 10, ¶ 13 (cleaned up). Which brings us to the second problem with Lightel's proposed reading of section 77-41-105(3)(c)(iii): his proposed reading is eliminated by the broader context of the Sex, Kidnap, and Child Abuse Offender Registry statute.

¶19　As outlined above, the statute requires a registration period of the sentence for the crime plus ten years for adult offenders who commit some sex crimes (e.g., lewdness involving a child) and lifetime registration for adults who commit other sex crimes (e.g., rape of a child). *See* Utah Code §§ 77-41-105(3)(a), -105(3)(c)(i), -106. By enacting this scheme, the legislature has clearly deemed the commission of some sex crimes to be indicative of the offender posing a higher risk of lifetime danger to society than the commission of other sex crimes. Likewise, the statute allows adult offenders under age twenty-one whose sex crimes would otherwise require lifetime registration to instead register for a shorter period of time if their individual offenses do not involve force or coercion. *See id.* § 77-41-105(3)(c)(iii). Through this portion of the registration regime, the legislature has also clearly shown that it deems the probability that an offender poses a lower risk of lifetime danger to be a function of *two* additional factors: (1) the age of the offender at the time of the crime and (2) a lack of force or coercion within or as part of the offense. Thus, the broader context of the Sex, Kidnap, and Child Abuse Offender Registry statute demonstrates that the legislature's intent was that in order for an adult offender to qualify for the exception to lifetime registration, he or she must show *both* that he or she was under the age of twenty-one at the time of the crime *and* that his or her particular offense was of a different character from what it might have been in that it did not involve force or coercion.

¶20　Lightel concedes that under his proposed reading of section 77-41-105(3)(c)(iii), an offender would never have to show

that his or her particular offense of sexual exploitation of a minor was any different from any other defendant's version of the offense because, in every instance, the sentencing court would determine (based on a legal ruling we would issue here) only that the use of force or coercion never satisfies an element of sexual exploitation of a minor. Thus, in practice the *only* thing an adult offender who committed sexual exploitation of a minor would have to show to qualify for the exception to lifetime registration is that he or she was under age twenty-one at the time of the crime. And such a result is contrary to the legislature's plain mandate that a *two*-factored factual inquiry be employed before excepting an adult offender from otherwise-required lifetime registration. *See generally Croft v. Morgan County*, 2021 UT 46, ¶¶ 32–35, 496 P.3d 83 (recognizing and applying "the canon of surplusage," which "establishes . . . a presumption that statutory language be given operative effect" (cleaned up)).

¶21 On the other hand, interpreting "the offense" in a particular instance of sexual exploitation of a minor to include the item of child sexual abuse material possessed or viewed by the offender comports with the plain intent of the legislature as evidenced by the statutory scheme as a whole. Stated another way, Utah's registration regime makes plain that the legislature views, for example, a child rape accomplished through a twenty-year-old's use of force to be more indicative of the probability that the defendant poses a lifetime risk to society than if the defendant accomplished the crime through some other means, such as by engaging in intercourse with a willing (though legally nonconsenting) thirteen-year-old. *See* Utah Code § 76-5-402.1 (defining "[c]hild" to mean "an individual who is younger than 14 years old," and stating that "[a]n actor commits rape of a child if the actor . . . has sexual intercourse with a child"). And viewing section 77-41-105(3)(c)(iii) in the context of that regime, we do not hesitate to conclude that the legislature has also deemed sexual exploitation of a minor accomplished through a twenty-year-old's possession or viewing of an image depicting a minor being forced

to engage in sexually explicit conduct to likewise be more indicative of the probability that the defendant poses a lifetime risk to society than if the twenty-year-old defendant accomplished the crime through the possession or viewing, for example, of an image depicting a seventeen-year-old's unforced and uncoerced partial nudity. *See id.* § 76-5b-103(1), (7), (10) (defining "[c]hild sex abuse material" to include, among other things, "the visual depiction" of a seventeen-year-old's "nudity or partial nudity for the purpose of causing sexual arousal of any individual").

¶22 For the foregoing reasons, we hold that when a sentencing court determines under Utah Code section 77-41-105(3)(c)(iii)(A) whether "the offense" in a particular case of sexual exploitation of a minor "involve[s] force or coercion," it is required to examine not only the defendant's conduct but also the child sexual abuse material at issue and determine whether the images depicted therein involve force or coercion. Here, because it is undisputed that at least some of the child sexual abuse material that Lightel pled guilty to possessing involved force or coercion, the district court did not err by declining to find that Lightel's offenses did not involve force or coercion.

CONCLUSION

¶23 Because the district court correctly interpreted and applied the statute at issue, we affirm.

———————